Wyly, J.,
dissenting. The defendant resists the payment of his taxes for the year 1871 on the following grounds:
First — Act No. 42 of the acts of 1871, under which the levy was made, violates article 118 of the constitution, because paragraph seven of the second section thereof exempts from taxation “household goods, silver plate, jewelry, and mechanics’ and laborers’ tools to the amount of five hundred dollars, in each household.”
Second — Said act violates article fifteen of the constitution, vesting the legislative power of the State in the General Assembly, because the eighth section thereof makes it the duty of the Auditor, in order to provide for the payment of the annual interest on all the State bonds, “ at the end of each and every year, or as soon thereafter as he shall receive the assessment rolls, to determine, by accurate calculation, what rate of taxation on the total assessed value of all the movable and immovable property in the State will be sufficient to pay the interest becoming due annually on all the bonds issued by the State, or those that may be issued hereafter; and said tax, as ascertained and fixed, is hereby levied on all the movable and immovable property that may be assessed in this State.” * * *
Third — Assuming the constitutionality of the power conferred on the Auditor, he has failed to exercise it according to the terms of the law by making an “ accurate calculation ” for the purpose of raising a fund to pay the interest on the bonded debt of the State; that he has intentionally fixed an excessive rate of taxation, for purposes not contemplated in the law,. “ thereby attempting to extort from petitioner, in common with other taxpayers, the enormous excess of $450,000” over and above the sum required to'pay the interest on said bonded debt.
Fourth — The one mill tax levied under act No. 81 of the acts of 1872 is void, because said act is repugnant to the constitutional amendment limiting the State debt to $25,000,0(10, and also repugnant to article 114 of the constitution, the object of levying the tax not being expressed in the title.
The defendant sought to introduce evidence in support of the averments of his answer, which he clearly had- the right to do, and it was rejected by the judge on the ground “that no evidence was admissible to sustain a plea or defense to a suit by the State for taxes, founded on the alleged nullity either of the assessment rolls of the State, or of the *725 whole or of a part of the levy of taxes; that is, on the ground of their being repugnant to the constitution of the State; or inconsistent with statutory law.”
How could the defendant establish his constitutional objection to the assessment of one mill under act No. 81 of acts of 1872 if he be denied the right to prove that the State debt exceeded $25,000,000, when the debts were contracted which act No. 81 contemplates to pay 9
How could ,the defendant, without proof, establish his averment that the Auditor has not made an accurate calculation of the rate of taxation on the appraisement of the movable and immovable property in the State, as required by act No. 42 of the acts of 1871, and that he has intentionally fixed an excessive rate, so that the total amount raised thereby will be $450,000 in excess of the sum required to meet the funded debt of the State?
It is manifest that the defendant was entitled to introduce proof in support of the averments of his answer, and that his bill of exceptions was well taken. It would be useless to cite him to trial, if he had not the right to introduce proof to establish his defense. The question is not whether his proof would be sufficient to establish .the defense; it involves a principle vastly.more important, namely, whether a defendant shall be condemned who has been denied the right accorded in every court of justice in the civilized world, the right to introduce competent evidence in his own behalf.
The fact alleged in the answer that the Auditor has intentionally fixed a tax upon defendant and other taxpayers of $450,000 in excess of the sum required to meet the interest on the bonded debt of the •State, is a fact necessary to be established by proof, in order to determine the legality of the tax The law makes an appropriation sufficient only to meet the interest on the bonded debt of the State, and requires the Auditor, as an accountant, to make an “ accurate calculation” and fix the rate of the tax thus appropriated.
Now if the Auditor fixes, intentionally, a tax at $450,000 in excess of this,requirement, he fixes a tax to-that extent beyond the appropriation, and it is illegal. How is the defendant to show this illegality in the tax, if he is debarred from pi oving the fact alleged by him 9
A tax, $450,000 beyond the appropriation, is jpro tanto as illegal as one wholly beyond the appropriation. And a fact necessary to estab lish the one is just as admissible as a fact necessary to establish the other. Any tax beyond the amount authorized by law is illegal, and the fact can be shown regardless of the amount involved in the suit In a tax case, law and fact are so intermingled that it is almost impossible to separate them.
But I take the position that in a tax case this court has jurisdiction *726 of the whole case, law and fact, and this court has never heretofore held differently. The jurisdiction of this court is fixed in the unambiguous language of article 74 of the Constitution. There the plain distinction is drawn between civil and criminal cases. In the former, law and fact are both revisable, on appeal, by this court. In the latter, only questions of law are revisable. This is the marked' distinction between civil and criminal cases, so far as the appellate powers of this court are concerned. If the framers of the constitution had intended tax cases, or any class of tax cases, to be revisable only on questions of law, like criminal cases, most assuredly they would have said so when they framed article 74. In ordinary civil cases they fixed the jurisdiction of this court to appeals where the matter in dispute exceeds $500; and they extended the jurisdiction of this court “to all cases in which the constitutionality or legality of any tax, toll or impost of any kind or nature whatsoever, or any fine, forfeiture or penalty imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof; and in criminal cases on questions of law only.” * * *
In precise terms the constitution limits our appellate jurisdiction in criminal cases to “ questions of law only.” The clear implication from this express limitation is, that in all other cases it shall not apply — in all civil cases the whole case, law and fact, is revisable.
Suppose the clause in regard to criminal cases had been omitted, and it was nowhere to be found in the constitution, where would there be any limitation upon the revisory powers of this court in appeals in tax cases ? There would be none, and the whole case could be revised. Now shall we extend an exception or limitation upon the appellate jurisdiction of this court, confined in precise terms to criminal casesj to other cases? If so,'why not as well extend it to all other cases and at once break down the limitation expressly applied to criminal cases by the framers of the constitution.
The law is unambiguous and ought not to be construed to contain an exception or limitation not contained in it. There is no safety in construing an exception or limitation expressly stated to apply only to criminal cases, to other cases or to tax cases; and this court is not permitted to resort to construction where the law is clear and free from ambiguity. Eevised Code, article 13.
I therefore dissent in this case.
Eehearing refused.